JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Leo Carothers ("defendant") appeals from the judgment of the trial court, asserting that his jury waiver was invalid, which thereafter rendered the trial court without jurisdiction to conduct a bench trial on the charges against him. The defendant also challenges the sufficiency of the evidence. For the reasons set forth below, we affirm.
 {¶ 2} The defendant was indicted on one count of aggravated robbery in violation of R.C. 2911.01 with a one-year firearm specification in violation of R.C. 2941.141 and a three-year firearm specification in violation of R.C. 2941.145. The defendant signed a jury trial waiver form, after which the trial court engaged in a colloquy with the defendant to determine that his waiver was effective. The trial court accepted the waiver and thereafter conducted a bench trial. The defendant was found guilty of aggravated robbery and the three-year firearm specification and was sentenced accordingly. It is from this ruling that the defendant now appeals, asserting two assignments of error for our review.
 {¶ 3} "I. The trial court was without jurisdiction to conduct a bench trial, because the jury waiver in the case at bar was not executed in strict compliance with the statutory requirements."
 {¶ 4} In his first assignment of error, the defendant maintains that his waiver of a jury trial was ineffective and, as a result, the trial court was without jurisdiction to conduct a bench trial. He advances two arguments in support of this assignment of error: that the jury waiver was not signed in open court and that the waiver was not journalized before his trial began.
 {¶ 5} Was the jury waiver signed in "open court?"
 {¶ 6} R.C. 2945.05 governs jury waivers and provides:
 {¶ 7} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I * * *, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that, under the laws of this state, I have a constitutional right to a trial by jury.'"
 {¶ 8} Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had an opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
 {¶ 9} In State v. Pless (1996), 74 Ohio St.3d 333, paragraph one of the syllabus, the Ohio Supreme Court stated:
 {¶ 10} "In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury."
 {¶ 11} In State v. Spivey (1998), 81 Ohio St.3d 405, 408, the Ohio Supreme Court stated: "The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel." Accord State v. Jells (1990), 53 Ohio St.3d 22,26.
 {¶ 12} As to the requirement that the waiver be made "in open court," the court in State v. Walker (1993), 90 Ohio App.3d 352, 358
stated:
 {¶ 13} "There must occur, in open court, a colloquy between the trial judge and the defendant himself, extensive enough for the judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right. We do not take the statute to mean, as urged by appellant, that the written waiver must be actually signed in open court, as long as the signed writing has been made a part of the record and the waiver is reaffirmed in open court."
 {¶ 14} Accord State v. Morris (1982), 8 Ohio App.3d 12, 14, (noting that this court has held that a written waiver signed by the defendant prior to trial and followed by a one sentence inquiry by the trial judge is sufficient to insure defendant's rights).
 {¶ 15} In this case, the record demonstrates that on February 25, 2003, in a colloquy with the defendant in open court, the trial judge reaffirmed the defendant's written jury waiver.
 {¶ 16} The defendant selectively quotes from the transcript that prior to beginning trial, the trial court stated:
 {¶ 17} "The Court: * * * I have just been advised, Mr. Carothers, that you have decided to give up your right to a trial by jury and have this case tried to the Court without a jury, and I have a waiver of jury trial. Is this your signature on it, sir?
 {¶ 18} "The defendant: Yes, sir." (T. 5).
 {¶ 19} The defendant then maintains that after this statement, the waiver was executed. However, the defendant omits the portion of the transcript which demonstrates the trial court's reaffirmation of his jury trial waiver. The court went on to state:
 {¶ 20} "The Court: I do have to go through some questions here. I know [the defense attorney], I worked with him, he's been in this courtroom many, many times. I trust him but I still have to put on the record that this is a voluntary waiver." (T.5).
 {¶ 21} The trial court then conducted a colloquy with the defendant regarding his waiver and thereafter accepted it as knowing, intelligent and voluntary. We reject the defendant's characterization of the jury trial waiver colloquy and find that his waiver was made in open court.
 {¶ 22} Was the defendant's jury trial waiver properly journalized?
 {¶ 23} The defendant also contends that the trial court lacked jurisdiction to conduct a bench trial because his jury trial waiver was filed, but not journalized, prior to the start of trial.
 {¶ 24} This court has repeatedly held that "strict compliance with R.C. 2945.05 is met upon filing the jury waiver; there is no rule pertaining to when the filing must occur" State v. Thomas, Cuyahoga App. No. 82130, 2003-Ohio-6157, citing: State v. Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649, P15, citing State v. McKinney, Cuyahoga App. No. 80991, 2002-Ohio-7249; State v. Sekera, Cuyahoga App. No. 80690, 2002-Ohio-5972.
 {¶ 25} "R.C. 2945.05 only requires that the waiver occur before trial and that the waiver is filed, time-stamped and contained in the record. See State v. Pless (1996), 74 Ohio St.3d 333, 1996-Ohio-102;State v. Gipson (1998), 80 Ohio St.3d 626, 1998-Ohio-659. There is norequirement that the waiver be filed and placed in the record beforetrial. See State v. Jones (Feb. 5, 1999), Hamilton App. No. C-980270" (Emphasis added.) State v. Antonic (Nov. 22, 2000), Cuyahoga App. No. 77678.
 {¶ 26} In this case, the record reflects that the jury waiver form signed by the defendant was filed on February 24, 2003, the day before trial. Since the jury waiver occurred before trial and the waiver form was filed, time-stamped and placed in the record, we find that the jury waiver in this case clearly met the statutory requirements. We therefore overrule the defendant's first assignment of error.
 {¶ 27} "II. Leo Carothers has been deprived of his liberty without due process of law by his convictions on the firearm specification which was not supported by sufficient evidence to prove his guilt beyond a reasonable doubt."
 {¶ 28} The defendant maintains that there was insufficient evidence to demonstrate that the gun that he allegedly possessed while committing the underlying felony constituted a firearm under R.C. 2923.11. Specifically, he contends that, since the gun was never recovered, the state was unable to present testimony that the weapon was ever fired on the night of the robbery or test fired by the state following the burglary. It follows, he argues, that there is insufficient evidence to prove beyond a reasonable doubt that the gun was "operable," constituting a firearm under R.C. 2923.11. We disagree.
 {¶ 29} The defendant further asserts that just as a factfinder might infer from the circumstances that the weapon was operable, the factfinder might infer that the weapon was an inoperable prop, since the defendant never removed the gun from his waist band However, we note that a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v.Jenks (1991), 61 Ohio St.3d 259. An appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks, supra. at paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307. Thus a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001),90 Ohio St.3d 460. Moreover, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person. State v. Antill (1964),176 Ohio St. 61; State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 30} R.C. 2941.145 provides, in relevant part:
 {¶ 31} "(A) Imposition of a three-year mandatory prison term upon an offender * * * is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 32} R.C. 2923.11 (B)(1) defines a "firearm" as:
 {¶ 33} "Any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can be readily rendered operable."
 {¶ 34} The statute further states:
 {¶ 35} "(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."
 {¶ 36} The Ohio Supreme Court has held that proof of operability can be established beyond a reasonable doubt by testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. State v. Murphy (1990),49 Ohio St.3d 206, syllabus. The Ohio Supreme Court later refined the manner by which the state may prove a firearm specification in State v.Thompkins (1997) 78 Ohio St.3d 380, stating:
 {¶ 37} "In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm." Id. at 385.
 {¶ 38} In this case, the defendant was arrested after burglarizing a dry cleaning store. The defendant was carrying in his waistband what appeared to the victim, Ms. Malone, to be a real gun. The defendant announced to the victim that he intended to "empty full clips tonight." The defendant then stated, "No, I'm for real," as he placed his hand on the handle of the gun, then said "pull the phone cord out of the wall and get money out of the register." We find that, under the facts and circumstances in this case, it was reasonable for the trial court to conclude that the defendant's words and actions were meant to imply that his gun was in fact operable on the night of the burglary.
 {¶ 39} While the defendant concedes that operability may be inferred from the facts and circumstances of a case, he argues that the state relied solely on circumstantial evidence, the credibility of which had been undermined by other testimony in the case. Specifically, he maintains that his father's testimony that the defendant owned only a toy gun weighs in favor of finding the weapon inoperable. However, we find this testimony irrelevant in determining whether the defendant made representations to Ms. Malone or acted in such a manner on the night of the burglary which would lead Ms. Malone to believe that he was carrying an operable firearm. We therefore reject the defendant's argument that the state failed to prove that the weapon was operable, as defined by the firearm statute, simply because the weapon was never fired that night by the defendant or thereafter test fired by the state.
 {¶ 40} Upon review of the entire record and, after viewing the evidence in a light most favorable to the prosecution, we find that the trial court could have found the essential elements of the firearm specification beyond a reasonable doubt. We therefore overrule this assignment of error.
 {¶ 41} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., J., concurs.
Anne L. Kilbane, P.J., concurs in judgment only.