[Cite as *State v. Hill*, 2018-Ohio-4327.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106542**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DARRYL HILL**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593276-A

**BEFORE:** Keough, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 25, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By: David Martin King
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Jennifer King
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


KATHLEEN ANN KEOUGH, J.:

{¶1} In this delayed appeal, defendant-appellant, Darryl Hill, appeals his convictions. For the reasons that follow, we affirm.

{¶2} In February 2015, Hill was named in a six-count indictment charging him with two counts of aggravated burglary (Counts 1 and 2), and one count each of felonious assault (Count 3), domestic violence (Count 4), aggravated menacing (Count 5), and having weapons while under disability (Count 6). Counts 1-3 included one- and three-year firearm specifications, and Count 4 was enhanced to a third-degree felony because of two prior domestic violence convictions. The charges stemmed from an altercation with the mother of his child at her home in December 2014.

{¶3} In June 2015, Hill entered into a plea agreement, which also included the charges in Cuyahoga C.P. No. CR-15-593275, but not subject to this appeal.[1] He pleaded guilty to burglary, as amended in Count 1; felonious assault, as amended in Count 3; and domestic violence and aggravated menacing as charged in Counts 4 and 5. In exchange for his guilty pleas, the state agreed to dismiss Counts 2 and 6 and delete all firearm specifications. Although the parties agreed at the plea that Counts 4 and 5 would merge, with the domestic violence count surviving, the parties disagreed on whether the remaining counts should merge with Count 1, burglary. The parties agreed that the issue would be revisited at sentencing.

{¶4} During the sentencing hearing, the parties presented their arguments regarding allied offenses and which offenses should merge for sentencing. The trial court agreed with the state that other than the domestic violence and aggravated menacing counts merging, no other counts merged for sentencing. The court imposed a twelve year sentence — seven years on Count 1, burglary, to be served consecutively to a five-year sentence on Count 3, felonious assault, and concurrently with a three-year sentence on Count 4, domestic violence.

{¶5} Hill now appeals, raising three assignments of error.

## I. Plea

{¶6} In his first assignment of error, Hill contends that the trial court violated the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution, and Ohio Crim.R. 11 when it did not determine that he understood the nature of the offenses, the effect of the plea, and that he was waiving certain constitutionally guaranteed trial rights by pleading guilty. Specifically, he contends the record reveals that he did not have an

---

[1]Hill did not appeal his convictions in this case.

adequate understanding of his plea because of statements and irrelevant questions that he asked during the plea.

{¶7} Crim.R. 11(C) provides that a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a guilty plea. The purpose of Crim.R. 11(C) is to convey relevant information to the defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). To ensure that a knowing, intelligent, and voluntary plea is made, a trial court must follow the dictates of Crim.R. 11(C)(2). This rule provides that the court must address and inform the defendant personally and determine that he understands (1) the nature of the charges against him and of the maximum penalty involved, (2) the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3) the constitutional rights he is giving up by entering into his plea. Crim.R. 11(C)(2)(a)-(c).

{¶8} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶9} Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy

are at issue. *Veney* at ¶ 17. The test for prejudice is whether the plea would have otherwise been made. *Id.*; *see also State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶10} In this case, the record unequivocally demonstrates that the trial court strictly complied with Crim.R. 11(C)(2)(a)-(c) when advising Hill of his constitutional and nonconstitutional rights. The court thoroughly explained the nature of the charges, the possible penalties, and his constitutional rights that he would be waiving by pleading guilty. At no time did Hill express a misunderstanding of those advisements. Hill's isolated comments and irrelevant questions do not create an inference that he did not appreciate the effect of his plea or the rights he was waiving. When reviewing the record as a whole, the totality of the circumstances demonstrates that Hill entered into a knowing, intelligent, and voluntary plea. Moreover, he fails to demonstrate prejudice or even argue that his plea would not have been otherwise made.

{¶11} Accordingly, Hill's first assignment of error is overruled.

## II. Merger of Allied Offenses

{¶12} In his second assignment of error, Hill contends that the trial court erred when it failed to merge certain allied offenses into a single count of conviction. Specifically, Hill contends that all of the offenses should have merged into the burglary offense. We disagree.

{¶13} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However, "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or

with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."   R.C. 2941.25(B).

{¶14} In determining whether offenses merge, we analyze the defendant's conduct.   *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26.   In *Ruff*, the Supreme Court held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: "(1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, [or] (3) the offenses were committed with separate animus or motivation."   *Id*. at ¶ 25.

{¶15} This court reviews de novo a trial court's legal conclusion as to whether offenses are allied offenses subject to merger.   *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.   "When deciding whether multiple offenses should have merged, the reviewing 'court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus.'"   *State v. Bailey*, 8th Dist. Cuyahoga No. 100993, 2014-Ohio-4684, ¶ 25, quoting *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, syllabus.

{¶16} In this case, the trial court found, without objection, that the domestic violence and aggravated menacing convictions merge for sentencing, with the trial court imposing sentence on the domestic violence count.   Hill contends that the surviving domestic violence conviction and the felonious assault charge should merge into the burglary offense because the offenses were committed through the same set of facts.

{¶17} As discussed during sentencing, the offense of felonious assault did not merge with either domestic violence or burglary because the offenses were committed on different days.

The felonious assault offense was committed on December 19, 2014 — the day before the domestic violence and burglary offenses occurred; the offense was committed separately and therefore not subject to merger.

{¶18} Additionally, the offenses of domestic violence and burglary do not merge because they were committed separately and with a separate animus. According to the discussion at the plea and sentencing hearings regarding the circumstances of these two offenses, Hill forced his way into the victim's home and began verbally threatening her. Following the verbal assault, he continued trespassing and terrorizing the victim in her home by choking and pushing her, and threatening to cause her physical harm. Accordingly, the offenses of burglary and domestic violence are not allied and do not merge for sentencing.

{¶19} Hill's second assignment of error is overruled.

### III. Effective Assistance of Counsel

{¶20} Hill contends in this third assignment of error that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution because his trial counsel failed to seek merger of the offenses.

{¶21} To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonable representation and (2) that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶22} Because we found that the offenses do not merge, counsel cannot be deemed ineffective for allegedly failing to request merger. Moreover, the record clearly reflects that

counsel raised the issue of merger, setting forth plausible arguments in favor of merger. Hill was not deprived of effective assistance of counsel. His third assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR