[Cite as *State v. Phillips*, 2022-Ohio-375.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110526 |
| v. | : | |
| ANDRE DA VONNE PHILLIPS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652625-A

***Appearances:***

Mary Elaine Hall, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant, Andre Da Vonne Phillips ("Phillips"), appeals from the trial court's sentencing following his guilty plea. Phillips's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel. Following a review of the record, we grant counsel's motion to withdraw and dismiss the appeal.

**Procedural History**

{¶ 2} On August 31, 2020, in Cuyahoga C.P. No. CR-20-652625-A, a Cuyahoga County Grand Jury indicted Phillips on two counts of felonious assault in violation of R.C. 2903.11(A)(1), one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), and one count of receiving stolen property in violation of R.C. 2913.51(A). The counts carried various firearm, repeat violent offender, notice of prior conviction, and forfeiture of a weapon specifications.

{¶ 3} On March 1, 2021, Phillips voluntarily waived his right to a jury trial and elected to proceed to a bench trial. Phillips executed a written jury-trial waiver and orally waived his right to a trial by jury. The trial court found Phillips knowingly, intelligently, and voluntarily waived his rights to a trial by jury. On that same date, Phillips's appointed counsel filed a motion to withdraw and to appoint new counsel citing a breakdown in the attorney-client relationship. The trial court granted counsel's motion and assigned new counsel.

{¶ 4} On April 20, 2021, Phillips pleaded guilty to attempted felonious assault, having weapons while under disability, and receiving stolen property in addition to forfeiture specifications on each charge.

{¶ 5} On May 19, 2021, the trial judge sentenced Phillips to 18 months on both the attempted felonious assault and the having weapons while under disability charges and one year on the receiving stolen property charge, to be served concurrently, for an aggregate sentence of 18 months.

**{¶ 6}** In the instant case, on May 25, 2021, Phillips filed his notice of appeal. Based on the belief that no prejudicial error occurred below and that any grounds for appeal would be frivolous, Phillips's appointed counsel filed a motion to withdraw pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Phillips had an opportunity to file his own merit brief but declined to do so.

**Legal Analysis**

**{¶ 7}** In *Anders*, the United States Supreme Court outlined a procedure for counsel to withdraw due to the lack of any meritorious grounds for appeal. Specifically, if after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. Counsel's request, however, must be accompanied by a brief that references anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish his or her client with a copy of the brief, and the court must provide the defendant sufficient time to file his or her own pro se brief. *Id.*

**{¶ 8}** Once these requirements are satisfied, the appellate court must complete an independent examination of the trial court proceedings to determine whether the case is "wholly frivolous." *Id.* If the court's independent review demonstrates that a possible issue exists, the court must discharge current counsel and appoint new counsel to prosecute the appeal. *Id.* On the other hand, if the court determines the appeal is wholly frivolous, the appellate court will grant the motion to withdraw and dismiss the appeal. *Id.*

**{¶ 9}** This panel recognizes that some Eighth District Court of Appeals judges have been criticizing the *Anders* approach adopted by this court. *State v. Ruffin*, 8th Dist. Cuyahoga Nos. 109134 and 109135, 2020-Ohio-5085 (S. Gallagher, J., dissenting); *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143 (8th Dist.) (Boyle, J., dissenting) (both judges would find that the Eighth District should not accept *Anders* briefs). Other districts have noted that the procedure specified in *Anders* is a constitutional safeguard but not a constitutional requirement and, therefore, declined to accept *Anders* briefs. *State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942 (4th Dist.); *State v. Wenner*, 2018-Ohio-2590, 114 N.E.3d 800 (6th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583, 125 N.E.3d 193 (7th Dist.). Regardless of the other districts' approach and the criticisms from some Eighth District judges, this court continues to follow the procedures announced in *Anders*. *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420; *State v. Williams*, 8th Dist. Cuyahoga No. 107847, 2019-Ohio-3766; *In re J.L.*, 8th Dist. Cuyahoga No. 109626, 2020-Ohio-5254.

**{¶ 10}** Here, we must consider whether to grant counsel's request to withdraw because any appeal would be wholly frivolous. Although Phillips's appointed counsel reviewed the record and concluded that no meritorious arguments can be made on Phillips's behalf, counsel presents three potential errors: (1) whether Phillips executed a voluntary, knowing, and intelligent waiver of his right to a jury trial; (2) whether Phillips's counsel rendered ineffective assistance of counsel when she may have confused him as to whether he was pleading to a felony

of the fourth degree or a felony of the third degree on the weapons while under disability charge; and (3) whether the trial court properly notified Phillips of his constitutional rights under Crim.R. 11(C)(2)(c).

**Waiver of Jury Trial**

{¶ 11} Counsel raises as a potential error that Phillips did not knowingly, intelligently, and voluntarily waive his right to a jury trial. We have conducted an independent review of the record and agree with counsel that the record reflects Phillips executed a knowing, intelligent, and voluntary waiver.

{¶ 12} A criminal defendant has the right to a trial by jury according to the Sixth Amendment of the United States Constitution and Section 5, Article I of the Ohio Constitution. A criminal defendant may waive his right to a jury trial as specified in Crim.R. 23(A) and R.C. 2945.05.

{¶ 13} Crim.R. 23(A) states, in pertinent part:

> In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury * * *.

{¶ 14} R.C. 2945.05 further clarifies the requirements to be met before a criminal defendant may waive his right to a jury trial:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand

that under the laws of this state, I have a constitutional right to a trial by jury."

{¶ 15} Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial. Absent strict compliance with the statutory requirements, a trial court lacks jurisdiction to try a criminal defendant without a jury. *State v. Pless*, 74 Ohio St.3d 333, 337, 658 N.E.2d 766 (1996).

{¶ 16} Here, the trial court satisfied the requirements to effectuate a waiver of Phillips's right to a jury trial. Phillips signed a jury waiver form that complied with R.C. 2945.05 and filed the waiver with the court. The trial court judge engaged Phillips in a colloquy, in open court, regarding his request to waive a jury trial. A review of the record demonstrates the colloquy was "extensive enough for the judge to make a reasonable determination that the defendant ha[d] been advised and [was] aware of the implications of voluntarily relinquishing a constitutional right." *State v. Carothers*, 8th Dist. Cuyahoga No. 82860, 2004-Ohio-51, ¶ 13. Thus, Phillips made his waiver knowingly, intelligently, and voluntarily. Accordingly, we agree with counsel that Phillips executed a knowing, intelligent, and voluntary waiver of his right to a jury trial.

{¶ 17} Additionally, once Phillips knowingly, intelligently, and voluntarily entered a guilty plea with the assistance of counsel, he was barred from raising claims about deprivation of constitutional rights that occurred before he entered the

guilty plea. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

**Ineffective Assistance of Counsel**

{¶ 18} Counsel also raises as a potential error that Phillips's trial counsel rendered ineffective assistance of counsel when she created confusion about the charges included in Phillips's plea agreement. The record shows that Phillips understood the charges to which he pleaded guilty.

{¶ 19} The United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 20} To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient when it fell below an objective standard of reasonable representation and that the defendant was prejudiced by that performance. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 21, citing *Strickland* at 687-688. To show prejudice, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. In other words, "counsel's errors must be so serious as to render the result of the trial unreliable. In evaluating a claim of ineffective assistance of counsel, a court must be mindful that there are countless ways for an attorney to provide effective

assistance in a given case, and it must give great deference to counsel's performance." *State v. Jamie*, 8th Dist. Cuyahoga No. 102103, 2015-Ohio-3583, ¶ 24, citing *Strickland* at 689.

{¶ 21} On April 20, 2021, the parties were before the court for a pretrial hearing. The assistant prosecuting attorney who initially presented a plea agreement to Phillips did not attend this pretrial hearing, but had another assistant prosecuting attorney attend in his place. The assistant prosecuting attorney stated in open court his understanding that Phillips would withdraw his former not guilty pleas and enter the following pleas: guilty to amended Count 1, attempted felonious assault, a felony of the third degree, including the forfeiture of weapon specification; guilty to Count 3, having weapons while under disability, a felony of the third degree, including the forfeiture of weapon specification; and guilty to Count 4, receiving stolen property, a felony of the fourth degree, including the forfeiture of weapon specification. The state agreed to nolle Count 2 and all other specifications related to Counts 1, 3, and 4. The state also required that Phillips have no contact with the victim and pay restitution in an amount to be determined at sentencing.

{¶ 22} After hearing the assistant prosecuting attorney's recitation of the plea agreement, Phillips's trial counsel indicated the summary did not mirror her understanding of the plea agreement. Defense counsel understood that Phillips would plead guilty to an amended Count 3, having weapons while under disability, but believed the charge would be classified as a felony of the fourth degree rather than a felony of the third degree. Phillips also believed the plea agreement included

an amended Count 3, whereby he would plead guilty to having weapons while under disability, a felony of the fourth degree. In the middle of the pretrial hearing, the assistant prosecuting attorney originally assigned to the case was contacted by phone and confirmed that the plea agreement recited by his colleague at the pretrial hearing reflected the terms previously offered to Phillips.

{¶ 23} After receiving the assistant prosecuting attorney's confirmation, defense counsel voiced her concern that Phillips's expectation was to plead guilty to Count 3 as a felony of the fourth degree rather than as a felony of the third degree. Defense counsel requested and the trial court granted her the opportunity to have a private conversation with Phillips regarding his plea agreement. The trial court also stated the hearing could be rescheduled for a later date if Phillips needed additional time to consider the proposed plea. After defense counsel and Phillips conferred, Phillips pled in conformance with the proposed plea agreement.

{¶ 24} Defense counsel's actions were not ineffective. Following a recess with Phillips, and prior to Phillips entering a plea, defense counsel presumably clarified and cured any misunderstanding regarding Count 3 of the proposed plea. With an understanding of the proposed plea, Phillips voluntarily and knowingly choose to enter a plea agreement. Defense counsel's actions were not deficient. Accordingly, Phillips has not established that he received ineffective assistance of counsel.

**Crim.R. 11**

{¶ 25} Counsel raises as a potential error that the trial court did not strictly comply with Crim.R. 11 notifications rendering Phillips's guilty plea invalid. The record demonstrates that the court satisfied the requirements of Crim.R. 11 prior to accepting the defendant's guilty plea.

{¶ 26} A criminal defendant's plea must be made knowingly, intelligently, and voluntarily and a failure to satisfy any of these requirements renders enforcement of the plea unconstitutional under the United States Constitution and the Ohio Constitution. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 27} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Before accepting a guilty plea, the trial court must advise the defendant that his plea waives these constitutional rights: (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. *Id.* at ¶ 31.

{¶ 28} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), trial courts must show only substantial compliance with the rule. *Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, at ¶ 8. "'Substantial compliance means that under the totality of the circumstances the

defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Even where a trial court errs in attempting to comply with Crim.R. 11(C)(2)(a), substantial compliance occurs if it appears from the record, despite the trial court's error, that the defendant understood the effect of his plea and the waiver of his rights. *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 15 (8th Dist.).

{¶ 29} "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). The appellate court must review the totality of the circumstances and determine whether the plea hearing complied with Crim.R. 11(C). *State v. Hudson-Bey*, 8th Dist. Cuyahoga No. 104245, 2016-Ohio-7722, ¶ 7.

{¶ 30} A review of the record demonstrates the trial court's strict compliance with Crim.R. 11 constitutional notifications before accepting Phillips's guilty plea. The trial court advised Phillips about the constitutional rights he would waive by pleading guilty, and Phillips acknowledged his understanding of those rights. The trial court also demonstrated substantial compliance with the nonconstitutional requirements of Crim.R. 11. The trial court informed Phillips of his nonconstitutional rights, and Phillips indicated he understood the implications of his plea and the rights he was waiving. The trial court satisfied the rigors of Crim.R. 11, and thereby ensured Phillips's guilty plea was knowingly, intelligently, and voluntarily made.

**{¶ 31}** The record reflects that Phillips executed a knowing, intelligent, and voluntary waiver of his right to a jury trial; Phillips's counsel did not render ineffective assistance of counsel; and the court met the Crim.R. 11 requirements prior to accepting Phillips's guilty plea. We agree with appointed counsel that any error raised on appeal would be wholly frivolous. Thus, pursuant to *Anders*, counsel's request to withdraw is granted, and the appeal is dismissed.

**{¶ 32}** Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR