[Cite as *State v. Smith*, 2023-Ohio-4315.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                          :

    Plaintiff-Appellee,                       :

                                    Nos. 112567, 112568,

    v.                                                       :           112569, and 112570

EMMANUEL SMITH,                                   :

    Defendant-Appellant.                     :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 30, 2023

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CR-20-653312-A, CR-21-657772-A, CR-22-676597-A, and
CR-22-676598-A

*Appearances:*

Jonathan N. Garver, *for appellant*.

ANITA LASTER MAYS, A.J.:

{¶ 1}   Defendant-appellant, Emmanuel Smith ("Smith"), appeals from the trial court's sentencing following his guilty plea in four separate cases. Smith's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel. Smith, who was served with counsel's motion on May 31, 2023 and given until July 18, 2023 to

respond, did not file a pro se brief in this appeal. Following a review of the record, we grant counsel's motion to withdraw and dismiss the appeal.

## I. Facts and Procedural History

**{¶2}** This appeal comes from Smith's convictions and sentences in four separate cases[1] that have been consolidated for the purposes of this decision. On August 31, 2021, Smith entered guilty pleas in Cuyahoga C.P. Nos. 653312 and 657772. In 653312, Smith pleaded guilty to amended Count 1, attempted domestic violence, a fifth-degree felony, in violation of R.C. 2919.25(A), and assault on a peace officer, a fourth-degree felony, in violation of R.C. 2903.13(A). In 657772, Smith pleaded guilty to amended Count 2, domestic violence, a fourth-degree felony, in violation of R.C. 2919.25(A). Smith failed to appear for sentencing, and a capias was issued.

**{¶3}** On February 9, 2023, Smith entered guilty pleas in Cuyahoga C.P. Nos. 676597 and 676598. In 676597, Smith pleaded guilty to having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2). In 676598, Smith pleaded guilty to grand theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(1), and amended Count 2, attempted failure to comply with order or signal of a police officer, a fourth-degree felony, in violation of R.C. 2921.331(B).

---

[1] Smith pleaded guilty to four cases in the Cuyahoga County Common Pleas Court including CR-20-653312-A, CR-21-657772-A, CR-22-676597-A, and CR-22-676598-A.

On March 23, 2023, Smith appeared in court for sentencing on all four cases. He was sentenced to three years and six months of imprisonment.

### A. Case No. 653312

{¶4} On April 3, 2020, Smith was accused of beating a woman with a stick in the middle of the street. When police officers arrived, Smith threw the woman out of the front door of a house and refused officers' commands that he exit the home. Smith told the officers that they would have to shoot him. Eventually, Smith left the home in his own car and officers did not pursue him. The victim also claimed that Smith held her head under a faucet.

{¶5} On September 19, 2020, police officers responded to an address for a loud noise complaint. They realized that Smith was the occupant in the home and that he had an open and active warrant for his arrest. Officers attempted to arrest Smith, and Smith began fighting the officers. Smith ripped an officer's badge and body camera off of one officer's uniform. He also hit the officers. The officers were able to get Smith in the patrol car, where he attempted to kick out the door and window of the vehicle.

### B. Case No. 657772

{¶6} On February 21, 2021, the victim claims that she went to Smith's home to collect money owed to her by Smith. When Smith opened the door, he told her to get off of his porch, head-butted her twice, and broke her nose. The victim ran to her car, and Smith pursued her. He punched her in the mouth and broke the

side-view mirror on her vehicle.  The victim called and reported the incident to the police.

### C.	Case No. 676598

**{¶7}** On November 4, 2021, officer observed Smith moving out of a home, and attempted to conduct a traffic stop because of his outstanding warrants. Smith refused to stop, and officers ended the pursuit because there was a no-pursuit policy. Later that day the officer observed him at his new home. While the officers were at the front door, Smith slipped out of the rear of the home, jumped into a police car, and fled in the police car. Officers eventually found the police car, abandoned with the keys still in the car.

### D.	Case No. 676597

**{¶8}** On December 21, 2022, officers were patrolling Smith's neighborhood and observed Smith driving and then parking the vehicle. Officers were notified that Smith had numerous warrants, so officers notified major crime detectives who responded and followed Smith to the store. Detectives apprehended Smith at the store and retrieved a firearm from the Smith's vehicle.

### E.	Sentencing

**{¶9}** Smith pleaded guilty to amended and originally indicted offenses. At sentencing, the trial court considered the purposes and principles of sentencing under R.C. 2929.11; the seriousness and recidivism factors relative to the offense and offender pursuant to R.C. 2929.12; and the need for deterrence, incapacitation, rehabilitation, and restitution. Tr. 73. The trial court also found that consecutive sentences were necessary to protect the public from future crimes

or to punish Smith and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Tr. 76. The trial court also found that Smith committed one or more of the multiple offenses while he was waiting for sentencing in other cases. He failed to appear for sentencing, and a capias was issued. Tr. 77.

## II. *Anders* Review

{¶10} On March 28, 2023, Smith filed a notice to appeal. On June 8, 2023, Smith's counsel filed a motion for leave to withdraw as counsel pursuant to *Anders,* stating that he has been unable to identify any meritorious issues for appellant review. In *Anders*, the United States Supreme Court outlined a procedure that appointed counsel must follow to withdraw due to the lack of any meritorious grounds for appeal. *Anders* at 744. If appointed counsel, after a conscientious examination of the record, determines an appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Id.* Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* A copy of the brief must be provided to the client, who must then be allowed sufficient time to file his or her own pro se appellate brief. *Id.*

{¶11} If these requirements are met, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If the appellate court, after its independent review, finds "any of the legal points

arguable on their merits (and therefore not frivolous)," i.e., that an arguably meritorious issue exists for appeal, it must discharge current counsel and appoint new counsel to prosecute the appeal. *Id.* If, however, the appellate court determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*; *see also State v. Garrison*, 8th Dist. Cuyahoga No. 111728, 2023-Ohio-1039, ¶ 7-8; *State v. Phillips*, 8th Dist. Cuyahoga No. 110526, 2022-Ohio-375, ¶ 7-8.

{¶12} We recognize, as this court stated in *Garrison*:

Some judges of this court have criticized the *Anders* approach and suggested this court should eliminate the *Anders* procedure. *See, e.g., State v. Ruffin*, 8th Dist. Cuyahoga Nos. 109134 and 109135, 2020-Ohio-5085 (S. Gallagher, J., dissenting); *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143 (8th Dist.) (Boyle, J., dissenting). Other districts have declined to accept *Anders* briefs, noting that the procedure is a constitutional safeguard but not a constitutional requirement. *See, e.g., State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942 (4th Dist.); *State v. Wenner*, 2018-Ohio-2590, 114 N.E.3d 800 (6th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583, 125 N.E.3d 193 (7th Dist.). Nevertheless, "this court continues to follow the procedures announced in *Anders*." *State v. Phillips*, 8th Dist. Cuyahoga No. 110526, 2022-Ohio-375, ¶ 9, citing *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420; *State v. Williams*, 8th Dist. Cuyahoga No. 107847, 2019-Ohio-3766; *In re J.L.*, 8th Dist. Cuyahoga No. 109626, 2020-Ohio-5254.

*Garrison* at ¶ 9; *see also Phillips* at ¶ 9

{¶13} Therefore, we must consider whether counsel's request to withdraw should be granted because any appeal would be frivolous. Although Smith's

appointed counsel asserts that no meritorious arguments can be made on Smith's behalf, he presents as potential errors:

    I.      At the change of plea hearing in Case Nos. 676597 and 676598, on February 9, 2023, the court failed to comply with Crim.R. 11(C)(2)(a) by not providing appellant with equivocal information concerning the requirement of a mandatory license suspension and mandatory consecutive sentencing; and

    II.     The three-year, six-month aggregate prison term imposed by the trial court is excessive, unsupported by the record, and contrary to law.

## III.   Crim.R. 11(C)(2)(a)

**{¶14}** Crim.R. 11(C)(2) provides that when accepting a guilty or no-contest plea in a felony case, the trial court must personally address the defendant and determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a)

**{¶15}** If Smith was convicted of failure to comply, the offense would include mandatory consecutive sentences and a mandatory Class 2 driver's license suspension. However, Smith was convicted of attempted failure to comply, which consecutive sentencing is not a penalty associated with that offense. *See State v. Garner*, 8th Dist. Cuyahoga Nos. 97948 and 97949, 2012-Ohio-3262. Additionally, there is not a mandatory driver's license suspension for this offense, as well. *See State v. Brown*, 2022-Ohio-3736, 199 N.E.3d 219 ¶ 17, 18 (8th Dist.).

{¶16} Therefore, the trial court did not fail to comply with Crim.R. 11(C)(2)(a).

## IV. Excessive Sentencing

{¶17} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it clearly and convincingly finds that the record does not support the sentencing court's findings as required under the law, or the sentence is otherwise contrary to law. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶18} In this instant case, the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12. Additionally, the sentences imposed by the trial court were within the statutory ranges. The trial court found that consecutive sentences were necessary to protect the public from future crimes or to punish Smith and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The trial court also found that Smith committed one or more of the multiple offenses while he was waiting for sentencing in other cases and a capias was issued during that time, in accordance with R.C. 2929.14(C)(4), which provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the

consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶19}** Therefore, Smith's sentence was not contrary to law, and the trial court did not err.

**{¶20}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;

SEAN A. GALLAGHER, J. DISSENTS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, J., DISSENTING:

I respectfully dissent. I believe this district should eliminate the *Anders* procedure for the reasons set forth in the dissenting opinions in *State v. Ruffin*, 8th Dist. Cuyahoga Nos. 109134, 109135, 2020-Ohio-5085 ¶ 20-24 (S. Gallagher, P.J., dissenting), and *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143, ¶ 37-73 (8th Dist.) (Boyle, J., dissenting).