[Cite as *State v. Eaton*, 2015-Ohio-170.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100147**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**NATHANIEL EATON**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION GRANTED

Cuyahoga County Court of Common Pleas
Case No. CR-12-564360
Application for Reopening
Motion No. 475135

**RELEASE DATE:** January 20, 2015

**FOR APPELLANT**

Nathaniel Eaton, pro se
Inmate Number 634-355
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Brett Hammond
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} On May 27, 2014, the applicant, Nathaniel Eaton, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Eaton,* 8th Dist. Cuyahoga No. 100147 (Mar. 7, 2014), in which this court dismissed Eaton's appeal for failure to file a brief. Eaton now claims that his appellate counsel was ineffective for failing to argue that his convictions for involuntary manslaughter and aggravated robbery were allied offenses and that his trial lawyers were ineffective for failing to argue that point. On July 28, 2014, the state of Ohio filed its brief in opposition. For the following reasons, this court grants the application to reopen.

{¶2} A review of the record shows that Eaton was walking with a friend when he came upon an acquaintance, Robert Jackson, who was arguing with the victim.[1] As Eaton's friend continued the walk, Eaton stayed and apparently tried to separate Jackson from the victim. (Tr. 28.) Nevertheless, Jackson struck the victim who fell down and hit his head. Eaton took the victim's cell phone from his hip and used it to place several calls. The victim's fall resulted in injuries that caused his death.

{¶3} The grand jury indicted Eaton for aggravated murder, murder, aggravated robbery, and felonious assault, all with notice of prior conviction and repeat violent offender specifications.[2] Pursuant to a plea agreement, the state amended the murder charge to involuntary manslaughter. Eaton pleaded guilty to that charge and to aggravated robbery. The state nolled the specifications and the aggravated murder and felonious assault charges.

---

[1] Apparently, the victim asked Jackson for a quarter and an argument ensued. (Tr. 39.)

[2] The grand jury indicted Jackson on the same basic charges.

{¶4} At the sentencing hearing in January 2013, Eaton's lawyers tried to distance Eaton's actions from the killing blow in the hope of mitigating the sentence. His first attorney stated that it was not Eaton's purpose to steal from the victim. (Tr. 31.) His second attorney pleaded that "the totality of the evidence would suggest that Mr. Eaton was not involved in the violence that caused [the victim] to fall to the ground and strike his head and die." (Tr. 36.)

{¶5} The trial judge sentenced Eaton to nine years in prison for the involuntary manslaughter and three years for the aggravated robbery, to run consecutively for a total of twelve years. The court noted that Eaton had an extensive criminal record dating back to 1995 and had been sent to prison multiple times. The trial judge made the findings required by R.C. 2929.14:

> I'm going to find a consecutive prison term is necessary to protect the community and punish you, and it's not disproportionate, and find that the harm was so great or unusual, that a single term does not adequately reflect the seriousness of this conduct, and your criminal history shows that a consecutive sentence is necessary to protect the public and the harm being so great or unusual that there was a life lost.

(Tr. 51-52.) The judge further explained postrelease control, specified the number of jail-time credit days, and waived court costs. However, the trial judge did not state the R.C. 2929.14 findings in the January 14, 2013 sentencing entry.

{¶6} On July 29, 2013, this court granted Eaton's July 23, 2013 motion for delayed appeal. On October 23, 2013, Eaton's appointed counsel filed an *Anders* brief and a motion to withdraw as counsel. After reviewing the record she concluded that Eaton's trial attorneys were not ineffective, that his guilty plea conformed to the requirements of Crim.R. 11, and that his sentence was not contrary to law. This court granted the motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and directed Eaton to file a pro se brief if he chose to do so.

**{¶7}** On January 13, 2014, Eaton filed a six-sentence brief, claiming that his trial attorneys were ineffective because they failed to investigate the case, failed to contact witnesses, failed to obtain exculpatory evidence, and represented that he would get seven years, instead of twelve. The state moved to dismiss the brief for failure to comply with App.R. 16. This court granted that motion and instructed Eaton to file a brief in compliance with all the rules by March 3, 2014. When Eaton failed to file a new brief, this court dismissed the appeal on March 7, 2014.

**{¶8}** Now Eaton, through the public defenders' office, has applied to reopen his appeal because of ineffective assistance of appellate counsel. App.R. 26(B)(5) provides: "An application for reopening shall be granted if the there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Generally, in order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance resulted in prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

**{¶9}** Eaton argues that his appellate counsel was ineffective for failing to argue that involuntary manslaughter and aggravated robbery were allied offenses and that his trial counsel were ineffective for failing to raise the issue. R.C. 2941.25(A) provides that when the defendant's conduct can be construed to constitute two or more allied offenses, he may be indicted for all such offenses but may be convicted of only one. Subsection (B) provides that if

the defendant's conduct was separately committed or committed with a separate animus as to each act, then the defendant may be convicted of all the offenses. This statute protects the constitutional right against double jeopardy.  In *State v Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1601, the Supreme Court of Ohio clarified that when considering whether two offenses are allied offenses, the conduct of the accused must be considered.  First, the court must determine whether it is possible to commit one offense and commit the other with the same conduct.  If that is possible, then the court "must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" ¶ 48.

Eaton relies upon *State v. Lacavera*, 8th Dist. Cuyahoga No. 96242, 2012-Ohio-800, and *State v. Darnell*, 5th Dist. Delaware No. 10 CAA 10 0083, 2011-Ohio-3647, for the proposition that aggravated robbery and acts of violence, such as knocking a person down during a robbery, are allied offenses.

{¶10} On July 25, 2013, in *State v. Rogers,* 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.), this court, en banc, ruled: "Where a facial question of allied offenses of similar import presents itself, a trial court has a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge.  A trial court commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import."  2013-Ohio-3235, ¶ 63.  A defendant's failure to raise the allied offense issue at sentencing does not preclude the defendant from raising the issue on appeal.  Similarly, a guilty plea that does not include a stipulation or finding that the offenses are not allied offenses does not resolve the allied offense issue.  Therefore, a guilty plea is not a waiver of the double jeopardy protections under R.C. 2941.25.

{¶11} In the present case, a facial question on allied offenses is presented. From the limited factual development at the sentencing hearing, it appears that Eaton's culpability for

involuntary manslaughter may have arisen from his taking advantage of the mortal blow by stealing the victim's cell phone, the act that constitutes aggravated robbery.[3]   The trial judge did not inquire into the allied offense issue and, thus, did not determine whether the offenses were allied offenses of similar import.   Eaton's plea bargain did not resolve the issue, and his guilty plea to both offenses was not a waiver.   Therefore, the elements of an allied offenses argument exists.

{¶12} Furthermore, *Rogers* had been the law of this district several months when Eaton's appellate counsel filed the *Anders* brief.   Counsel's performance was deficient for not considering the allied offenses argument as a possible assignment of error.   This deficiency prejudiced Eaton because he essentially had no appeal at all.

{¶13} Accordingly, this court grants the application to reopen.

{¶14} The court appoints Cullen Sweeney, Assistant Public Defender, 310 Lakeside Avenue, Suite 200, Cleveland, Ohio, 44113, telephone 216-443-7583, to represent applicant-appellant.   Counsel is instructed to apply for compensation within thirty (30) days after journalization of this court's final decision in the reopened appeal.   Loc.R. 46(C).

{¶15} The Clerk of the Court of Appeals is instructed to reassemble the record in 8th Dist. Cuyahoga No. 100147 as it existed during this court's original review of the judgment in *State v. Eaton,* Cuyahoga C.P. No. CR-12-564360-B.   This court grants Eaton leave to file a motion to supplement the record within thirty days of this entry.

---

[3]   It is unclear from the transcript at the sentencing hearing whether Eaton's culpability for the victim's death is premised on Jackson's blow to the victim or Eaton's delay in calling for assistance for the unconscious victim and taking his cell phone.

{¶16} Eaton's brief on the merits is due sixty days from the date of this entry. Appellee's brief is due within thirty days of the filing of Eaton's brief. Eaton's reply brief is due within ten days of the filing of appellee's brief. All briefs shall conform to the Appellate Rules, including the local rules.

_____

MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR