[Cite as *State v. Garrison*, 2023-Ohio-1039.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111728 |
| v. | : | |
| ZAEBREON GARRISON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 30, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657392-A

*Appearances:*

Frederick D. Middleton, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Zaebreon Garrison, filed a delayed appeal following his guilty plea and sentencing. After reviewing the record, Garrison's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as appellate counsel. After a thorough review of the record, we grant counsel's motion to withdraw and

dismiss the appeal. Nevertheless, we remand the matter to the trial court for nunc pro tunc entries regarding Garrison's guilty plea and subsequent sentencing.

## I. Background

{¶ 2} Garrison was indicted in Cuyahoga C.P. No. CR-21-657392 in a three-count indictment as follows: Count 1 charged attempted murder in violation of R.C. 2923.02/2303.02(A), a felony of the first degree; Count 2 charged felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony; and Count 3 charged felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Each count carried one- year and three-year firearm specifications. The charges arose out of an incident that occurred on February 17, 2021, when Garrison confronted the victim, who had spent the night with Garrison's girlfriend, in the hallway outside his girlfriend's apartment and shot him multiple times.

{¶ 3} The trial court appointed counsel for Garrison after his original counsel was permitted to withdraw. Thereafter, the parties exchanged discovery and the case was set for trial. While the case was pending and Garrison was out on bond, sheriff's officers responded to Garrison's apartment at approximately 8 a.m. on November 28, 2021, for a violation regarding the GPS monitoring device he was wearing. They found Garrison in his bedroom, intoxicated and near a firearm. Garrison was then charged in Cuyahoga C.P. No. CR-21-665698 with one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony.

{¶ 4} On the day of trial, Garrison accepted the state's plea offer and pleaded guilty in CR-21-657392 to Count 3, as amended to attempted felonious assault in violation of R.C. 2903.11(A)(1)/2923.02 with a three-year firearm specification, a third-degree felony. The one-year firearm specification in Count 3 was nolled, as were Counts 1 and 2. Garrison also pleaded guilty in CR-21-665698 to attempted having weapons while under disability in violation of R.C. 2923.13(A)(2)/2923.02, a felony of the fourth degree. The trial court's entry in CR-21-657392 regarding the plea hearing, journalized February 7, 2022, incorrectly states that Garrison pleaded guilty to felonious assault, rather than *attempted* felonious assault.

{¶ 5} The trial court subsequently sentenced Garrison in CR-21-657392 to the mandatory three years' incarceration on the firearm specification, consecutive to nine months on the base offense. The court sentenced him in CR-21-665698 to nine months on the attempted having weapons while under disability charge, to be served concurrently with the sentence in CR-21-657392. Although the trial court properly sentenced Garrison in CR-21-657392 on a third-degree felony conviction for attempted felonious assault, the court's sentencing entry incorrectly states that "[o]n a former day of court the defendant pleaded guilty to felonious assault 2903.11(A)(1) F3 with firearm specification(s) — 3 years * * *," rather than correctly stating that Garrison pleaded guilty to *attempted* felonious assault.

## II. *Anders* Review

{¶ 6}   Based on his belief that no prejudicial error occurred in the trial court and that any grounds for appeal would be frivolous, Garrison's counsel filed a motion to withdraw pursuant to *Anders*.  This court entered a judgment entry granting Garrison approximately 45 days to file a supplemental pro se brief raising any additional assignments of error.  That time has expired, and no supplemental brief has been filed.

{¶ 7}   In *Anders*, the United States Supreme Court outlined a procedure for counsel to follow to withdraw due to the lack of any meritorious grounds for appeal. Specifically, if after a conscientious examination of the record counsel finds the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw.  *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.  Counsel's request to withdraw "must be accompanied by a brief referring to anything in the record that might arguably support the appeal."  *Id.*  Counsel must also furnish a copy of the brief to his client, and the court must allow time for the appellant to file his own pro se brief.  *Id.*

{¶ 8}   When these requirements have been satisfied, the appellate court must complete an independent examination of the trial court proceedings to determine whether the appeal is wholly frivolous.  *Id.*  If the court, after its independent review, determines that a possible issue exists, it must discharge current counsel and appoint new counsel to prosecute the appeal.  *Id.*  If, however,

the court determines that the appeal is wholly frivolous, the appellate court will grant the motion to withdraw and dismiss the appeal. *Id.*

{¶ 9} Some judges of this court have criticized the *Anders* approach and suggested this court should eliminate the *Anders* procedure. *See, e.g., State v. Ruffin*, 8th Dist. Cuyahoga Nos. 109134 and 109135, 2020-Ohio-5085 (S. Gallagher, J., dissenting); *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143 (8th Dist.) (Boyle, J., dissenting). Other districts have declined to accept *Anders* briefs, noting that the procedure is a constitutional safeguard but not a constitutional requirement. *See, e.g., State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942 (4th Dist.); *State v. Wenner*, 2018-Ohio-2590, 114 N.E.3d 800 (6th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583, 125 N.E.3d 193 (7th Dist.). Nevertheless, "this court continues to follow the procedures announced in *Anders*." *State v. Phillips*, 8th Dist. Cuyahoga No. 110526, 2022-Ohio-375, ¶ 9, citing *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420; *State v. Williams*, 8th Dist. Cuyahoga No. 107847, 2019-Ohio-3766; *In re J.L.*, 8th Dist. Cuyahoga No. 109626, 2020-Ohio-5254.

{¶ 10} Therefore, we must consider whether counsel's request to withdraw should be granted because any appeal would be wholly frivolous. Although Garrison's counsel asserts that an appeal in this case is wholly frivolous, counsel suggests a potential error regarding Garrison's guilty plea.

{¶ 11} A defendant's guilty plea must be made knowingly, intelligently, and voluntarily, and "[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio

Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a plea is entered knowingly, intelligently, and voluntarily, Crim.R. 11(C) requires the trial judge to determine whether the criminal defendant is fully informed of his rights, both constitutional and nonconstitutional. The court must also confirm that the defendant understands the consequences of his plea before accepting a guilty plea. *Id.*

{¶ 12} Counsel asserts that an appeal would be frivolous because the trial court complied with the requirements of Crim.R. 11(C) and Garrison knowingly, intelligently, and voluntarily entered his guilty plea. We have conducted an independent examination of the record and also find that the trial court complied with the requirements of Crim.R. 11(C) before accepting Garrison's plea. The court advised Garrison of the rights he would waive by pleading guilty, and Garrison acknowledged that he understood those rights. The court also advised Garrison of the penalties he could face by pleading guilty, which included a discussion that he would be sent to prison, and Garrison acknowledged that he understood the consequences of his plea. The trial court also established that Garrison was satisfied with his attorney and that his attorney had explained everything to him and answered all of his questions. Further, the trial judge established that Garrison had not been promised anything or threatened by anyone in order to get him to change his plea. Finally, the judge established that the parties were satisfied that the trial court had complied with Crim.R. 11(C) in accepting Garrison's guilty plea.

{¶ 13} In light of our independent review of the record, we agree with counsel that the trial court complied with Crim.R. 11(C) when accepting Garrison's guilty plea and there are no meritorious grounds for appeal. Accordingly, pursuant to *Anders*, counsel's request to withdraw is granted and the appeal is dismissed.[1]

{¶ 14} We remand the matter to the trial court, however, for the entry of two nunc pro tunc entries in CR-21-657392. The trial court should enter a nunc pro as of and for February 7, 2022, reflecting that Garrison pleaded guilty to *attempted* felonious assault, not felonious assault. Likewise, the trial court should enter a nunc pro tunc sentencing entry as of and for March 3, 2022, that accurately reflects that on a prior date, Garrison pleaded guilty to *attempted* felonious assault, not felonious assault.

{¶ 15} Case dismissed and remanded.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence and issuance of nunc pro tunc entries.

---

[1] Garrison does not challenge his guilty plea in CR-21-665698. Our review of the record demonstrates that Garrison's guilty plea in CR-21-665698 was likewise made knowingly, voluntarily, and intelligently and that the trial court complied with Crim.R. 11(C) in accepting Garrison's plea in that case.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR