[Cite as *State v. Brown*, 2025-Ohio-1059.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 113879

    v.                                    :

KENNETH BROWN,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 27, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-687408-A

---

### *Appearances:*

Michael P. Maloney, *for appellant.*

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Kenneth Brown ("Brown") appeals his convictions and sentence after he pled guilty to multiple offenses. Brown's appellate counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that following an examination of the record he has found no arguably meritorious assignments of error to raise on appeal and an appeal would

be wholly frivolous. After conducting our own independent review, we grant appellate counsel's motion to withdraw and dismiss the appeal. Nevertheless, we remand the matter to the trial court for the issuance of nunc pro tunc entries to correct clerical errors in its March 20, 2024 and March 26, 2024 judgment entries with respect to Brown's guilty plea on amended Count 5 and the imposed indefinite sentence.

**Factual and Procedural History**

{¶ 2} On December 15, 2023, Brown was indicted on 15 counts for alleged offenses that occurred on or about December 1, 2023, and a warrant was issued for Brown. Brown pleaded not guilty to the charges on December 19, 2023.

{¶ 3} The trial court conducted a change-of-plea hearing on March 20, 2024, at which Brown was represented by counsel. The assistant prosecuting attorney stated the parties had engaged in extensive plea negotiations and the parties had agreed that Brown would withdraw his not guilty pleas to the indictment and enter guilty pleas to the following charges: amended Count 3, aggravated arson, a felony of the second degree in violation of R.C. 2909.02(A)(2) with a notice of prior conviction specification and a requirement to register annually with the arson registry; amended Counts 4 and 5, felonious assault, felonies of the second degree in violation of R.C. 2903.11(A)(2), each with notice of prior conviction specifications; Counts 6, 8, 10, 12, and 14, menacing by stalking, felonies of the fourth degree in violation of R.C. 2903.211(A)(1); and Count 16, telecommunications harassment, a

misdemeanor of the first degree in violation of R.C. 2917.21(A)(3).  In exchange for Brown's guilty pleas, the remaining counts would be nolled.

{¶ 4} After the terms of the plea agreement were stated on the record, the trial court proceeded with the plea colloquy.  In response to the trial court's initial questions, Brown stated that he was a U.S. citizen, he was able to read and write the English language, and he completed "some college course work."  Brown denied he was under the influence of any prescribed medications, drugs, or alcohol and denied he was threatened, coerced, or forced to enter the plea agreement.  Brown further denied anyone made any promises to him with regard to sentencing.  Brown indicated he understood the charges against him as well as the plea agreement negotiated by his attorney and he was satisfied with the representation provided by his attorney.

{¶ 5} The trial court then advised Brown of his constitutional rights and confirmed that he understood he would be waiving those rights by entering his guilty pleas. The trial court informed Brown of the potential penalties associated with each of the charged offenses and the impact of the Reagan Tokes Act's indefinite sentence; Brown confirmed his understanding of those terms.  The trial court explained postrelease control and the potential consequences of violating postrelease control.  Defense counsel and the assistant prosecuting attorney both indicated they were satisfied that the trial court had complied with Crim.R. 11.

{¶ 6} Brown entered his guilty pleas consistent with the plea agreement, and the trial court found that Brown had entered his guilty pleas knowingly,

intelligently, and voluntarily.  The trial court accepted Brown's guilty pleas, nolled the remaining counts, and set a date for the sentencing hearing.

{¶ 7}  On March 25, 2024, the State filed a sentencing memorandum, and the trial court conducted a sentencing hearing on March 26, 2024.  Initially, the trial court noted that Brown had considered withdrawing his guilty pleas but after reviewing the case with his counsel, the defendant decided to go forward with sentencing.  At the hearing, the court heard from the State, a victim, Detective Kenney, defense counsel, Brown's mother, and Brown.  Upon consideration of the statements at the sentencing hearing, Brown's criminal history, the principles and purposes of felony sentencing pursuant to R.C. 2929.11, and the seriousness and recidivism factors pursuant to R.C. 2929.12, the trial court sentenced Brown to eight years on amended Count 3 with a four-year tail pursuant to the Reagan Tokes Act; five years on amended Count 4 to be served consecutively to amended Count 3; five years on amended Count 5 to be served concurrently to all sentences; one year each on Counts 6, 8, 10, 12, and 14 to be served concurrently to each other and all sentences; and credit for time served on Count 16.  Thus, the sentences on amended Count 3 and amended Count 4 amounted to an aggregate sentence of 13 to 17 years.  The trial court also imposed postrelease control and ordered restitution by the defendant.

{¶ 8}  On the same date, the trial court issued its sentencing judgment entry, erroneously setting forth, in part and verbatim:

On a former day of court the defendant pleaded guilty to attempted, felonious assault R.C. 2923.02/R.C. 2903.11(A)(2) F1 with repeat violent offender specification(s) 2941.149 as amended in Count(s) 5 of the indictment.

. . .

The court imposes a prison sentence at the Lorain Correctional Institution of 13 year(s). 8 yrs on Count 3, and 5 years on Count 4, both consecutive with all other counts. 5 years on Count 5, 1 year each on Counts 6, 8, 10, 12, and 14 concurrent and concurrent with Count 5. Time served in Count 16.

March 26, 2024 sentencing judgment entry.

{¶ 9} On April 29, 2024, Brown, pro se, filed a notice of appeal and a motion for appointment of counsel. On May 3, 2024, this court granted Brown's motion for appointment of counsel and, sua sponte, found that the notice of appeal was filed untimely. A motion for delayed appeal was filed on May 8, 2024, and the State filed a brief in opposition. This court granted Brown's motion for delayed appeal on June 6, 2024.

{¶ 10} On August 26, 2024, based on the belief that no prejudicial error occurred in the trial court and that any grounds for relief would be frivolous, Brown's appellate counsel filed a motion for leave to withdraw and a brief in support ("*Anders* brief"). Appellate counsel provided Brown with a copy of his motion and *Anders* brief, and on November 25, 2024, Brown, pro se, filed an appellate brief. On December 2, 2024, this court, sua sponte, struck Brown's appellate brief because it failed to include a legal analysis in support of the assigned errors and statement of issues and, therefore, did not comply with the appellate rules. This court granted

Brown leave to file a pro se brief in compliance with the appellate rules but no subsequent brief was filed.

**Legal Analysis**

{¶ 11} In *Anders*, 386 U.S. 738, the United States Supreme Court outlined the procedure attorneys must follow to withdraw due to the lack of any arguably meritorious grounds for appeal.[1] *Anders* at 744. Appointed counsel must first complete a conscientious examination of the entire record. If counsel believes the appeal is "wholly frivolous," counsel should advise the court of that fact and request permission to withdraw. *Id*. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. Counsel must also furnish a copy of the brief to the appellant, who must then be allowed sufficient time to file his or her own pro se appellate brief. *Id*.

{¶ 12} Once these requirements are satisfied, the appellate court must complete an independent examination of the trial proceedings to determine if any arguably meritorious issues exist. *Id*. """An issue lacks arguable merit, if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."" *State v. Corbo*, 2024-Ohio-5484, ¶ 9 (8th Dist.), quoting *State v. Walton*, 2018-Ohio-1963, ¶ 11 (8th Dist.), quoting *State v. Marbury*, 2003-Ohio-

---

[1] We acknowledge that other courts of appeals no longer accept motions to withdraw pursuant to *Anders*. *State v. Holbert*, 2023-Ohio-3272 (2d Dist.); *State v. Wilson*, 2017-Ohio-5772 (4th Dist.), *State v. Wenner*, 2018-Ohio-2590 (6th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583 (7th Dist.). However, this court continues to adhere to the procedures outlined in *Anders*. *State v. Garrison*, 2023-Ohio-1039, ¶ 9 (8th Dist.), quoting *State v. Phillips*, 2022-Ohio-375, ¶ 9 (8th Dist.), citing *State v. Taylor*, 2015-Ohio-420 (8th Dist.).

3242, ¶ 8 (2d Dist.). If the appellate court concludes the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Anders* at 744; *see also Garrison* at ¶ 7-8; *Phillips* at ¶ 7-8.

{¶ 13} In his *Anders* brief, appellate counsel asserts that his review of the record below did not "disclose any errors by the trial court prejudicial to the rights of [Brown] upon which an assignment of error may be predicated." However, in accordance with *Anders*, appellate counsel raises whether Brown's guilty pleas were made knowingly, intelligently, and voluntarily as a potential issue for review. Appellate counsel also notes the sentencing judgment entry contains a clerical error that should be corrected through a nunc pro tunc journal entry. Specifically, counsel states that the sentencing judgment entry references Count 5 as attempted felonious assault, a felony of the first degree, rather than correctly citing Count 5 as felonious assault, a felony of the second degree.

{¶ 14} "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25; *see also State v. Engle*, 74 Ohio St. 3d 525, 527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."). Before accepting a guilty plea to a felony offense, the trial court must ensure the defendant enters such plea knowingly, intelligently, and voluntarily. *State v. Holmes*, 2023-

Ohio-2585, ¶ 5 (8th Dist.). "The trial court does so by personally engaging the defendant and determining if the defendant understands the nature of the charges faced, the maximum penalty to be imposed, the effect of the guilty plea, and the constitutional rights being waived by entering a guilty plea." *Corbo*, 2024-Ohio-5484 at ¶ 12 (8th Dist.), citing *Holmes* at ¶ 5 and Crim.R. 11.

{¶ 15} "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Ballard*, 66 Ohio St. 2d 473, 479-480 (1981). Under Crim.R. 11(C)(2), a trial court shall not accept a guilty plea in a felony case without first personally addressing the defendant and completing all the following:

> (C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require

the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 16} We conduct a de novo review to determine whether the trial court accepted the defendant's plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 2009-Ohio-6827, ¶ 26 (8th Dist.), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977). The focus in reviewing pleas is not "on whether the trial judge has '[incanted] the precise verbiage' of the rule, * * * but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 12, quoting *Stewart* at 92.

{¶ 17} Further, the applicable standard when determining whether a defendant's plea was made understandingly and voluntarily in compliance with Crim.R. 11(C) is no longer one of strict or substantial compliance. *Dangler*. Instead, the Ohio Supreme Court identified these questions to be asked when reviewing a trial court's Crim.R. 11(C) plea colloquy:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 18} There are two exceptions when a defendant is entitled to have his or her plea vacated without first showing prejudice by the trial court's failure to comply with Crim.R. 11(C). *Id.* at ¶ 16. The first exception occurs when "a trial court fails to

explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest[.]" *Id.* at ¶ 14. Under such circumstances, it is presumed that the defendant entered a plea involuntarily and unknowingly, and no showing of prejudice to the defendant is required. The second exception occurs if there is a complete failure by the trial court to comply with the nonconstitutional aspects of the plea colloquy. *Id.* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. When a trial court completely fails to comply with Crim.R. 11(C)(2)(a) or (C)(2)(b), the defendant need not show prejudice. *Id.*

{¶ 19} Neither of these exceptions apply in the instant case. Therefore, to invalidate his plea, Brown must establish (1) the trial court did not fully comply with Crim.R. 11(C), and (2) Brown was prejudiced by the failure to fully comply. *Dangler*, 2020-Ohio-2765, at ¶ 14, citing *State v. Veney*, 2008-Ohio-5200, ¶ 17. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 20} As detailed above, the trial court advised Brown regarding the constitutional rights he would waive by pleading guilty, and Brown acknowledged his understanding of those rights and his waiver of those rights. The court reviewed with Brown each offense to which he would be pleading guilty, identified the potential penalties he could receive on each count, and confirmed that Brown understood. The court established that Brown was satisfied with defense counsel's representation, that no threats or promises were made to induce Brown to change

his pleas, and that the parties were satisfied that the trial court complied with Crim.R. 11 in accepting Brown's guilty pleas.

{¶ 21} The trial court did not directly instruct Brown that upon acceptance of his guilty pleas, it could proceed to judgment and sentence. However, during the change-of-plea hearing, the trial court referenced that it would conduct a sentencing hearing and the court held a sentencing hearing at a later date. Even assuming the trial court failed to notify Brown that it could proceed to judgment and sentence upon acceptance of his guilty pleas, no prejudice resulted and, therefore, Brown's plea was not invalid. *See State v. Davis*, 2021-Ohio-352, ¶ 14 (5th Dist.) (Where trial court conducted sentencing hearing separately from change-of-plea hearing, defendant-appellant could not demonstrate the court's failure to inform him that it could immediately proceed to judgment and sentencing prejudiced him.).

{¶ 22} We also note that Brown pleaded guilty to amended Count 3, arson, rather than aggravated arson. The record demonstrates that the parties and the court correctly referenced the offense of aggravated arson throughout the plea hearing. The only time the charged offense was incorrectly referenced as arson was at the time Brown entered his plea. We cannot find the trial court's single reference to arson prejudiced Brown and, thus, this error did not invalidate Brown's plea. *See State v. Woodall*, 2016-Ohio-294, ¶ 13 (8th Dist.), citing *State v. Davis*, 2007-Ohio-3944, ¶ 29 (4th Dist.) ("Generally, reviewing courts have upheld pleas even though the trial court supplied the defendant with incorrect information,

mischaracterizations, or misstatements when the erroneous statement occurred in isolation or when the written plea agreement contained the correct information.").

{¶ 23} The record contains nothing to suggest that, prior to entering his guilty pleas, Brown did not understand the proceedings, the nature of the offenses to which he would be pleading guilty, the rights he would waive by pleading guilty, or the penalties associated with the offenses to which he would be pleading guilty.

{¶ 24} Following a thorough, independent examination of the record, we agree there is no arguable merit to the potential assignment of error where the trial court complied with Crim.R. 11(C) and Brown's guilty pleas were entered knowingly, intelligently, and voluntarily. Accordingly, any appeal would be wholly frivolous. Pursuant to *Anders*, appellate counsel's request to withdraw is granted, and the appeal is dismissed.

{¶ 25} Nevertheless, we remand the case to the trial court for the issuance of nunc pro tunc entries to correct clerical errors in the March 20, 2024 and March 26, 2024 judgment entries. Trial courts retain jurisdiction to correct clerical errors in judgment entries so that the entries accurately reflect the trial court's decision. *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 19; Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."). Clerical mistakes refer to mistakes or omissions that are "mechanical in nature and apparent on the record" and do not address a legal decision or judgment. *State v. Brown*, 136

Ohio App.3d 816, 820 (3d Dist. 2000), citing *Dentsply Internal., Inc. v. Kostas*, 26 Ohio App.3d 116, 118 (8th Dist. 1985).

{¶ 26} Although the transcript reflects that Brown pled guilty to, and was sentenced to, amended Count 5 for felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2), the trial court's March 20, 2024 and March 26, 2024 judgment entries state that Brown pled to and was sentenced to amended Count 5, attempted felonious assault, a felony of the first degree in violation of R.C. 2923.02 and 2903.11(A)(2). Additionally, the transcript shows that amended Count 3 was subject to a Reagan Tokes indefinite term with a four-year tail but the March 26, 2024 judgment entry does not reflect those terms of the sentence.

{¶ 27} Because these errors are clerical errors, having no impact on the merits of Brown's appeal, we grant counsel's motion to withdraw but remand the case to the trial court for the issuance of nunc pro tunc entries to correct the errors. Specifically, both judgment entries need to show that Brown pleaded guilty to and was sentenced to amended Count 5, felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree. The March 26, 2024 sentencing judgment entry also needs to incorporate this wording to reflect the imposed prison sentence, including the Reagan Tokes indefinite sentence:

> The court imposes a prison sentence at the Lorain Correctional Institution of 13-17 years.
>
> Amended Count 3 — a minimum stated term of eight years and a maximum term of 12 years.

Amended Count 4 — five years to be served consecutively to the sentence imposed on amended Count 3.

Amended Count 5 — five years to be served concurrent to all sentences.

Counts 6, 8, 10, 12, and 14 — one year each, to be served concurrent to all sentences.

Count 16 — time served.

In summary, the defendant shall serve the aggregate minimum term of 13 years up to the maximum term under S.B. 201 of 17 years.

{¶ 28} Appeal dismissed and case remanded.

It is ordered that appellee recover the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

KATHLEEN ANN KEOUGH, P.J., and
DEENA R. CALABRESE, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)