[Cite as *State v. Brown*, 2025-Ohio-2672.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                       No. 113879

    v. :

KENNETH BROWN, :

    Defendant-Appellant. :

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:**  APPLICATION GRANTED IN PART AND DENIED
                 IN PART; REVERSED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:**  July 30, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-687408-A
Application for Reopening
Motion No. 584171

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kristen Hatcher, Assistant Prosecuting
Attorney, *for appellee.*

Kenneth Brown, *pro se.*

WILLIAM A. KLATT, J.:

{¶ 1} Applicant Kenneth Brown seeks to reopen his appeal in *State v. Brown*, 2025-Ohio-1059 (8th Dist.), pursuant to App.R. 26(B). Brown alleges that

appellate counsel was ineffective for failing to advance assignments of error related to (1) his alleged improper conviction of allied offenses of similar import, (2) the trial court's alleged failure to make the requisite findings under R.C. 2929.14(C)(4) for the imposition of consecutive sentences, (3) the absence of competent, credible evidence supporting the amount of restitution awarded, and (4) the trial court's failure to calculate jail-time credit.

{¶ 2} For the reasons that follow, we deny Brown's application as it relates to the allied-offenses and restitution issues raised in his application. We grant his application in part as it relates to the trial court's failure to incorporate consecutive-sentence findings into its sentencing journal entry and the trial court's failure to calculate jail-time credit. We reverse the trial court's judgment in part to the extent it fails to include a calculation of jail-time credit and remand the case to the trial court for (1) the issuance of a nunc pro tunc order incorporating the consecutive-sentence findings made at the sentencing hearing into its sentencing journal entry and (2) a calculation of jail-time credit.

## I.   Facts and Procedural History

{¶ 3} Pursuant to a plea agreement, Brown pled guilty to one count of aggravated arson with a notice-of-prior-conviction specification (amended Count 3), two counts of felonious assault with repeat-violent-offender specifications (amended Counts 4 and 5), five counts of menacing by stalking (Counts 6, 8, 10, 12, and 14), and one count of telecommunications harassment (Count 16). The aggravated-arson and felonious-assault charges arose out of a December 1, 2023

incident in which Brown used gasoline to set fire to the front and rear entrance of a residence occupied by Danita Jones and Ashanti Compton. The occupants escaped the fire without injury but significant property damage was done to the home. As part of the plea agreement, Brown agreed to pay restitution, the amount of which would be determined by the trial court at the sentencing hearing.

{¶ 4} At the sentencing hearing, the trial court sentenced Brown to an aggregate prison sentence of 13 to 17 years — i.e., eight to 12 years on amended Count 3, five years on amended Count 4 to be served consecutively to amended Count 3, five years on amended Count 5 to be served concurrently to all sentences, one year each on Counts 6, 8, 10, 12, and 14 to be served concurrently to all sentences, and to time served on Count 16. The trial court also notified Brown regarding postrelease control and ordered that he pay $40,000 in restitution to Jones. Brown appealed.

{¶ 5} Appointed appellate counsel filed a motion for leave to withdraw along with a brief in support pursuant *Anders v. California*, 386 US 738 (1967) ("*Anders* brief"). In his *Anders* brief, appellate counsel identified the issue of whether Brown's guilty pleas were made knowingly, intelligently, and voluntarily as a potential assignment of error for review. Appellate counsel stated that, in his view, following his review of the record, Brown's pleas appeared to have been entered voluntarily, knowingly, and intelligently, such that there were "no assignments of error of merit to raise on this appeal." Appellate counsel noted that the sentencing journal entry contained a clerical error but stated that this error could be corrected through a nunc pro tunc journal entry.

{¶ 6} Appellate counsel provided copies of his motion to withdraw and *Anders* brief to Brown, and Brown filed a pro se appellant's brief. This court, sua sponte, struck Brown's pro se brief because it included neither legal analysis in support of his assigned errors nor a statement of the issues presented as required under the appellate rules. Although Brown was granted leave to refile a compliant pro se brief, he failed to do so.

{¶ 7} After conducting our own independent review of the record, we agreed that there was no arguable merit to the potential assignment of error raised by appellate counsel and that any appeal would, therefore, be wholly frivolous. *Brown*, 2025-Ohio-1059, at ¶ 24 (8th Dist.). Accordingly, we granted appellate counsel's motion to withdraw and dismissed the appeal. *Id.* We, however, remanded the case to the trial court for the issuance of nunc pro tunc entries to correct several clerical errors in its journal entries. *Id.* at ¶ 1, 25-27.

{¶ 8} On May 2, 2025, Brown, pro se, filed a timely application to reopen his appeal pursuant to App.R. 26(B). Brown asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to raise four proposed assignments of error on appeal: (1) Brown was improperly convicted of both aggravated arson and felonious assault, allied offenses of similar import; (2) the trial court failed to make the findings required under R.C. 2929.14(C)(4) for the imposition of consecutive sentences and, as such, there was no final, appealable order; (3) the amount of restitution awarded by the trial court was not supported by

competent, credible evidence; and (4) the trial court failed to calculate Brown's jail-time credit.

{¶ 9} The State timely opposed the application.

## II. Law and Analysis

### A. Standard for Reopening Appeal Based on a Claim of Ineffective Assistance of Appellate Counsel

{¶ 10} The application must be filed within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. App.R. 26(B)(1).

{¶ 11} Claims of ineffective assistance of appellate counsel are evaluated under the same standard applied to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Leyh*, 2022-Ohio-292, ¶ 17. Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' [*Strickland*] at 694." *Leyh* at ¶ 18.

{¶ 12} App.R. 26(B) establishes a two-stage procedure for adjudicating claims of ineffective assistance of appellate counsel. *Id.* at ¶ 19. An applicant must first make a threshold showing that appellate counsel was ineffective. *Id.* at ¶ 19, 35. An application for reopening "'shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.'"

*Id.* at ¶ 21, quoting App.R. 26(B)(5). "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, citing *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). "[A]ppellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *State v. Tenace*, 2006-Ohio-2987, ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983), and *State v. Sanders*, 94 Ohio St.3d 150, 151-152 (2002).

{¶ 13} If the applicant makes the required threshold showing, demonstrating that "there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal," then the application shall be granted and the appeal reopened. *Leyh* at ¶ 25, citing App.R. 26(B)(5). The matter then "proceeds to the second stage of the procedure, which 'involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals.'" *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

## A. Brown's Application for Reopening

{¶ 14} In his application for reopening, Brown seeks to reopen his appeal that was dismissed after (1) appellate counsel was granted leave to withdraw pursuant to *Anders* and (2) Brown filed a pro se brief that did not comply with the rules of appellate procedure, then failed to refile a compliant pro se brief after his

noncompliant pro se brief was stricken. Under App.R. 26(B), a defendant in a criminal case may apply to reopen his or her appeal of the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. Generally, a claim of ineffective assistance of appellate is not available where an appellant acts pro se in an appeal. *See, e.g., State v. Robinson*, 2022-Ohio-3033, ¶ 7-8 (8th Dist.); *State v. Walton*, 2018-Ohio-4021, ¶ 5 (8th Dist.). In this case, however, because Brown's pro se brief was stricken and he did not refile it, the court did not consider any of the assignments of error he could have raised.

{¶ 15} In *Walton*, this court recognized that it may be inequitable to deny relief under App.R. 26(B) where an applicant was forced to proceed pro se in the appeal because appointed counsel withdrew pursuant to *Anders*. *Walton* at ¶ 7. This court went on to analyze the applicant's proposed additional assignment of error, found that it lacked merit, and found that the applicant did not present a colorable claim of ineffective assistance of counsel. *Id.* at ¶ 8-15; *see also Robinson* at ¶ 3, 7-8, 15. In *State v. Eaton*, 2015-Ohio-170 (8th Dist.), the appellant's appeal was dismissed after appellate counsel filed an *Anders* brief, appellant's pro se brief was stricken for failure to comply with App.R. 16, and appellant failed to file a new, compliant pro se brief. *Id.* at ¶ 6-7. This court granted appellant's application to reopen his appeal, concluding that appellate counsel's performance was deficient for not considering an allied-offenses argument as a possible assignment of error and that "[t]his deficiency prejudiced [the appellant] because he essentially had no appeal at all." *Id.* at ¶ 12-13.

{¶ 16} Under the circumstances here, we believe it is appropriate to review Brown's proposed assignments of error to see if they have any potential merit, notwithstanding Brown's failure to refile a pro se brief in his appeal.

### A. First Proposed Assignment of Error: Conviction of Allied Offenses of Similar Import

{¶ 17} In his first proposed assignment of error, Brown argues that appellate counsel was ineffective for not advancing an assignment of error challenging his convictions on both amended Count 3 (aggravated arson) and Count 4 (felonious assault). He contends that his convictions for aggravated arson and felonious assault should have merged because they were allied offenses of similar import.

{¶ 18} R.C. 2941.25 governs convictions for allied offenses of similar import. It states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 19} In determining whether offenses are allied offenses of similar import, courts evaluate three factors — "the conduct, the animus, and the import." *State v. Ruff*, 2015-Ohio-995, paragraph one of the syllabus. If any one of the following is true, a defendant's convictions do not merge and he or she may be sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance, i.e., each

offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.* at ¶ 25; *State v. Goldsby*, 2025-Ohio-967, ¶ 32 (8th Dist.).

{¶ 20} The convictions at issue were not allied offenses of similar import. Brown was convicted of aggravated arson in violation of R.C. 2909.02(A)(2) and felonious assault in violation of R.C. 2903.11(A)(2). R.C. 2909.02(A)(2) states: "No person, by means of fire or explosion, shall knowingly . . . [c]ause physical harm to any occupied structure." R.C. 2903.11(A)(2) states: "No person shall knowingly . . . [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶ 21} Offenses are dissimilar in import or significance "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23.

{¶ 22} Here, the separate, identifiable harm caused by the conduct underlying the offenses at issue is clear. The aggravated arson count (amended Count 3) relates to the significant property damage Brown caused to the occupied structure itself, i.e., Jones's house. The two felonious assault counts (amended Count 4 as to Jones and amended Count 5 as to Compton) relate to the attempt to cause physical harm to each of the two victims. Thus, the crimes were not allied offenses of similar import, there was no error in not merging them, and appellate counsel was not ineffective for failing to raise the issue on appeal.

{¶ 23} Brown has not shown a genuine issue of a colorable claim of ineffective assistance of appellate counsel based on the failure to raise an allied-offenses issue. Accordingly, Brown's first proposed assignment of error does not provide a basis for reopening his appeal.

**B. Second Proposed Assignment of Error: Imposition of Consecutive Sentences**

{¶ 24} In his second proposed assignment of error, Brown argues that appellate counsel was ineffective for not advancing an assignment of error challenging the trial court's imposition of consecutive sentences based on its alleged failure to make the findings required under R.C. 2929.14(C)(4) at the sentencing hearing and to incorporate those findings into the sentencing journal entry. Because of this failure, Brown asserts that a final, appealable order was never entered in his case.

{¶ 25} As an initial matter, there is no issue regarding the existence of a final, appealable order. The trial court's March 26, 2024 sentencing journal entry contained all of the elements necessary for a final, appealable order: (1) the fact of conviction, (2) a sentence for each count, (3) the judge's signature, and (4) a time stamp indicating that the entry had been journalized by the clerk. *See State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus.

{¶ 26} To properly impose consecutive sentences under R.C. 2929.14(C)(4), the trial court must find that (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are

not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). The trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶ 27} Review of the transcript from the sentencing hearing shows that the trial court made all of the required findings for the imposition of consecutive sentences at the sentencing hearing. The trial court found that consecutive sentences were "necessary" to "punish the offender and protect the public from future crime," that consecutive sentences were "not disproportionate to the seriousness of the conduct and danger posed by the defendant," and that "two or more offenses here were part of one or more courses of conduct and that the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct."

{¶ 28} However, as the State concedes, these findings were not incorporated into the trial court's sentencing journal entry. "A trial court's inadvertent failure to incorporate the statutory findings into the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law." *Bonnell* at ¶ 30. "[S]uch a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.*

{¶ 29} Thus, Brown's second proposed assignment is well-taken to the extent it relates to the trial court's failure to incorporate the consecutive-sentencing findings it made at the sentencing hearing into its sentencing journal entry. The remedy in such circumstances is to remand the case to the trial court for the issuance of a nunc pro tunc entry incorporating all of the consecutive-sentence findings the trial court made at the sentencing hearing into its March 26, 2024 sentencing journal entry. *See, e.g., State v. Scott*, 2022-Ohio-3549, ¶ 25-27 (8th Dist.). As to the other issues Brown raises in his second proposed assignment of error, Brown has not shown a genuine issue of a colorable claim of ineffective assistance of appellate counsel.

## C. Third Proposed Assignment of Error: Restitution

{¶ 30} In his third proposed assignment of error, Brown contends that appellate counsel was ineffective for failing advance an assignment of error challenging the amount of restitution ordered by the trial court. He contends that the trial court committed plain error in ordering Brown to pay an amount in restitution that was not supported by competent, credible evidence from which the

trial court could discern the amount of restitution to a reasonable degree of certainty.

{¶ 31} As stated above, as part of his plea agreement, Brown agreed to pay restitution as determined by the trial court at the sentencing hearing. Pursuant to R.C. 2929.18(A)(1), a trial court imposing a sentence on a felony offender has discretion to order a defendant to pay restitution to a victim, provided the amount of restitution ordered does exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *State v. Lalain*, 2013-Ohio-3093, ¶ 3. The statute provides, in relevant part:

> At sentencing, the court shall determine the amount of restitution to be made by the offender. The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. . . . The court shall hold a hearing on restitution if the offender, victim, victim's representative, or victim's estate disputes the amount. The court shall determine the amount of full restitution by a preponderance of the evidence. . . .

R.C. 2929.18(A)(1). The amount must be supported by competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty. *State v. Fitz*, 2021-Ohio-1497, ¶ 20 (8th Dist.). A trial court may base the amount of restitution on "an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." *Lalain* at ¶ 3; *State v. Williams*, 2024-Ohio-5092, ¶ 27 (8th Dist.).

**{¶ 32}** In this case, the assistant prosecutor, Jones, and Detective Brian Kenney with the fire investigative unit provided information relevant to the determination of Jones's economic damages at the sentencing hearing.

**{¶ 33}** The assistant prosecutor presented several photographs showing the damage to the home from the fire and indicated that "the arson report that was made in the case suggests that there were upwards of like $80,000 worth of damage done to this home." Jones described in detail the significant damage to the home and its contents and the other losses she sustained as a result of the fire. She presented additional photographs of the damage and confirmed that the arson report estimated the property damage "to be around $80,000." After hearing from the parties, the trial court indicated that it did not have a copy of the arson report and asked the assistant prosecutor to "let us know what the restitution figure is in the report." After reviewing the report, the assistant prosecutor informed the trial court that there was "$40,000 worth of damage." Detective Kenney explained that $40,000 was "just the damage incurred" and that the $80,000 figure represented "an estimate of replacement costs, which includes materials, labor . . . like an insurance policy." The trial court ordered $40,000 in restitution, explaining, "I always require . . . some documentation supporting the restitution. If the only document we have says 40,000, then that's going to be my order." Brown did not object to the $40,000 restitution award.

**{¶ 34}** Brown asserts, generally, that the amount of restitution awarded was not supported by competent, credible evidence from which the trial court could

discern the amount of restitution to a reasonable degree of certainty, but he has not articulated any basis as to why he believes this is the case and he does not otherwise explain how he was prejudiced by appellate counsel's failure to raise the amount of restitution ordered as an issue on appeal. Brown does not claim that the amount of restitution awarded exceeded the economic loss Jones suffered as a direct and proximate result of the offenses he committed. "'Merely reciting assignments of error . . . without presenting legal argument and analysis'" explaining how appellate counsel's performance was allegedly deficient and how the applicant was allegedly prejudiced thereby "'is not sufficient to support an App.R. 26(B) application for reopening.'" *State v. Abraham*, 2025-Ohio-1446, ¶ 18 (8th Dist.), quoting *State v. Townsend*, 2022-Ohio-4398, ¶ 7 (8th Dist.); *see also State v. Pennington*, 2025-Ohio-1445, ¶ 14 (8th Dist.) (application that "merely lists errors, rather than argue and develop them with legal authority other than a conclusory statement" was "defective").

{¶ 35} Accordingly, Brown has not established a genuine issue of a colorable claim of ineffective assistance of appellate counsel related to the amount of restitution ordered by the trial court. Brown's third proposed assignment of error does not provide a basis for reopening his appeal.

### D. Fourth Proposed Assignment of Error: Failure to Award Jail-Time Credit

{¶ 36} In his fourth proposed assignment of error, Brown argues that appellate counsel was ineffective for not advancing an assignment of error

challenging the trial court's failure to calculate the jail-time credit to which he was entitled.

{¶ 37} A trial court has a duty to calculate jail-time credit at the time of sentencing. R.C. 2929.19(B)(2)(g)(i); *State v. Baker*, 2015-Ohio-3232, ¶ 14 (8th Dist.). "[A] trial court's failure to calculate jail-time credit and include it in the body of the sentencing order constitutes plain error." *Bratenahl v. Eldridge*, 2021-Ohio-1083, ¶ 8, 12 (8th Dist.).

{¶ 38} A review of the record shows that the trial court did not address jail-time credit at the sentencing hearing or award any jail-time credit in the sentencing journal entry. Brown asserts that he is entitled to 112 days of jail-time credit. The State does not dispute that Brown is entitled to jail-time credit but argues that "this [c]ourt need not reopen Brown's appeal" to address the issue because "Brown can simply file a motion in the trial court requesting an adjustment to the jail-time credit calculation" pursuant to R.C. 2929.19(B)(2)(g)(iii). This court previously rejected a similar argument in *State v. George*, 2015-Ohio-514, ¶ 6-7 (8th Dist.).

{¶ 39} We find that Brown's fourth proposed assignment of error is well-taken and that the trial court erred by not specifying the number of jail-time credit days to which Brown is entitled in the sentencing entry.

{¶ 40} Accordingly, we deny Brown's application to reopen as to Brown's proposed first and third assignments of error and grant the application in part as to Brown's second and fourth assignments of error. We reinstate this appeal to the docket. We reverse the judgment in part to the extent it fails to include a calculation

of jail-time credit and remand the case to the trial court for (1) the issuance of a nunc pro tunc order incorporating the consecutive-sentence findings made at the sentencing hearing in its sentencing journal entry and (2) a calculation of jail-time credit.

It is ordered that appellant shall recover from appellee the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

KATHLEEN ANN KEOUGH, P.J., and
DEENA R. CALABRESE, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)